```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SHAWN BROWN,                             :
                        Petitioner,      :
                                         :   03 Civ. 5391 (DLC)
        -v-                              :
                                         :   MEMORANDUM OPINION &
MR. FILION,                              :           ORDER
                        Respondent.      :
                                         :
-----------------------------------------X
```

Appearances:

For the Pro Se Petitioner:

Shawn Brown
#99A-0674
Upstate Correctional Facility
P.O. Box 2000
309 Barehill Road
Malone, New York  12953

For the Respondent:

Nicole Beder
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013

DENISE COTE, District Judge:

Pro se petitioner Shawn Brown ("Brown") has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). Brown seeks to vacate his December 3, 1998 conviction for Robbery in the Third Degree and Grand Larceny in the Fourth Degree. Because he had at least two prior felonies, on January 12, 1999 Brown was sentenced as a persistent felony offender to two concurrent terms of 15 years to life in state prison.

Brown appealed his conviction to the Appellate Division, First Department, in April 2000; the Appellate Division affirmed his conviction and sentence on May 24, 2001. People v. Brown, 283 A.D.2d 312 (1st Dep't 2001). The New York Court of Appeals denied Brown's request for leave to appeal on July 26. People v. Brown, 96 N.Y.2d 899 (2001).

In May 2002, Brown filed a pro se motion to vacate his conviction pursuant to N.Y. C.P.L.R. § 440.10 and a pro se application for a writ of error coram nobis claiming ineffective assistance of appellate counsel. The New York County Supreme Court denied Brown's § 440.10 motion in an unpublished decision on July 10, 2002, and leave to appeal to the Appellate Division was denied on February 25, 2003. The Appellate Division summarily denied Brown's coram nobis petition on May 29, 2003.

Brown timely filed this Section 2254 petition on June 27, 2003 wherein he raises nine claims: the four claims he raised on direct appeal, the four claims he raised in his § 440.10 motion, and the single claim he raised in his coram nobis petition. On August 27, 2003, this matter was referred to Magistrate Judge Gabriel W. Gorenstein for a Report and Recommendation. Magistrate Judge Gorenstein issued a Report and Recommendation (the "Report") on June 13, 2005, recommending that Brown's petition be denied. Following the Report's issuance, Brown had ten days from receipt of the Report to serve and file any written objections. See 28 U.S.C. § 636(b)(1); Rule 8(b), Rules Governing Section 2254 Cases in the United States District

Courts.  On July 13, this Court received an undated letter from Brown wherein Brown states that he received the Report and objects to it, but is unable to file proper objections due to the loss of "legal work, legal paper, [and] trial transcripts" while being transferred between housing units in prison.  Brown's letter was postmarked July 11.  An Order dated July 15 extended Brown's deadline to file objections to August 12.  On July 25, this Court received an undated submission from Brown that reiterates the arguments made in his petition, but that does not object to, or indeed, even mention, the Report.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court shall make a <u>de novo</u> determination of the portions of the report to which petitioner objects.  <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).  "A district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous."  <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (citation omitted).  An objection which is "devoid of any reference to specific findings or recommendations" and is "unsupported by legal authority" does not preserve the claim.  <u>Mario v. P & C Foods, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002).

Brown submitted documents after the Report's issuance that merely restate the arguments made in his petition -- he did not object to any portion of the Report.  Review of the Report

3

indicates that it is soundly reasoned and completely addresses Brown's arguments.

The Report is therefore adopted and the petition for a writ of habeas corpus is denied. In addition, I decline to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998). I also find pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition.

SO ORDERED:

Dated: New York, New York
September 6, 2005

_____
DENISE COTE
United States District Judge